IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE WILSON, JR., #104358-B, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-781-TMH |
| | ) | [WO] |
| | ) | |
| FOUNTAIN CORRECTIONAL | ) | |
| MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Willie Wilson, Jr. ["Wilson"], an indigent state inmate, challenges the constitutionality of medical treatment provided to him at the Fountain Correctional Facility.  Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama in accordance with 28 U.S.C. § 1404.[1]

**II.  DISCUSSION**

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] Wilson did not file the required filing fee nor did he submit an application for leave to proceed *in forma pauperis*.  Nevertheless, under the circumstances of this case, assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where [the civil action] might have been brought." 28 § U.S.C. § 1404(a).

The Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the actions about which the plaintiff complains occurred in the Southern District of Alabama. In addition, each of the defendants properly identified by the plaintiff reside in the Southern District of Alabama as do all individuals personally involved in the medical treatment made the basis of the instant complaint. Consequently, the claims asserted by the plaintiff are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama. In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before October 4, 2012, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE